**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re:<br>KESKIN, INC.,<br>Debtor. | Chapter 11<br>Case No. 25-17696 |

KESKIN, INC.,
Plaintiff, Adversary No. 25-00426

v.

TOAST, INC., et al.,
Defendants.

**MOTION TO APPROVE COMPROMISE AND SETTLEMENT**

COMES NOW the Debtor and Debtor-in-Possession, Keskin, Inc. ("Debtor" or "Plaintiff"), by and through its undersigned counsel, Michael P. Coyle and The Coyle Law Group, and pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, respectfully moves this Honorable Court for entry of an Order approving the compromise and settlement of the above-captioned adversary proceeding against Toast, Inc. and WebBank (collectively, "Defendants"), and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On August 22, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in this case, and the Debtor continues to operate its business and manage its property as a Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

5. On or about January 12, 2026, the Debtor, as Plaintiff, commenced the above-captioned adversary proceeding, Adversary No. 25-00426, against Toast, Inc. and WebBank (the "Lawsuit").

6. The Lawsuit alleges that in the 90-day period prior to the filing of Keskin's Chapter 11 Bankruptcy case, $17,506 was paid to Toast and WebBank and were preferential transfers pursuant to 11 U.S.C. §547 (the "Transfers").

7. In order to avoid the expense, delay, and uncertainty of continued litigation, the Debtor and Defendants engaged in arms-length settlement negotiations and have reached an agreement to resolve the Lawsuit in its entirety, subject to the approval of this Court.

## TERMS OF THE SETTLEMENT

8. The material terms of the settlement, as more fully set forth in the Settlement Agreement and Release attached hereto, are as follows:

a. Defendants shall pay the Debtor the total sum of $11,000.00 (the "Settlement Payment") in full and final satisfaction of all claims for monetary, equitable, and injunctive relief asserted or that could have been asserted in the Lawsuit;

b. The Settlement Payment shall be made via ACH transfer within thirty (30) business days following the Effective Date, defined as the date on which the Order approving this Settlement becomes final and non-appealable;

c. Upon execution of the Settlement Agreement, the Debtor releases and forever discharges Defendants, Toast Capital, LLC and WebBank, and their respective affiliates, agents, and representatives from any and all claims arising out of the facts alleged in the Lawsuit; and

d. Within ten (10) business days of the Debtor's receipt of the Settlement Payment, the parties shall file a Joint Stipulation of Dismissal with Prejudice of the Lawsuit. (Exhibit 1).

9. The Settlement will bring finality to the Lawsuit, avoid the costs, delay, and uncertainty of continued litigation, and provide an immediate, certain benefit to the bankruptcy estate.

**<u>APPLICABLE LEGAL STANDARD</u>**

10. Bankruptcy Rule 9019(a) authorizes the Court, on motion of the debtor-in-possession and after notice and a hearing, to approve a compromise or settlement.

11. Courts considering approval of a proposed settlement need not conclusively determine the merits of the underlying claims, nor find that the compromise represents the best result that could have been obtained; rather, the Court need only "canvass the issues" and determine that the settlement does not fall "below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), *cert. denied*, 464 U.S. 822 (1983).

12. In this District, courts generally review the following factors in determining whether to approve a settlement: (1) the probability of success in the litigation; (2) any

difficulties associated with collection; (3) the complexity of the litigation, including the expense, inconvenience, and delay attendant thereto; and (4) the interests of creditors, giving proper deference to their reasonable views. *In re Bowman*, 181 B.R. 836 (Bankr. D. Md. 1995).

**THE SETTLEMENT SATISFIES THE APPLICABLE STANDARD**

14. Probability of Success: Continued litigation of the Lawsuit would involve disputed issues of fact and law regarding the Debtor's claims against Defendants, and success is not assured. The Settlement provides the Debtor with a certain and immediate recovery without the risks inherent in further litigation.

15. Difficulties of Collection: The Settlement avoids any risk or delay associated with collecting on a judgment, as Defendants have agreed to make the Settlement Payment promptly following approval of this Motion.

16. Complexity, Expense, and Delay: Continued prosecution of the Lawsuit would require the estate to incur substantial additional legal fees and costs, and would delay the administration of this bankruptcy case, all to the detriment of the estate and its creditors.

17. Interests of Creditors: The Debtor believes, in its sound business judgment, that the Settlement is fair, reasonable, and in the best interests of the estate and its creditors, as it provides a certain benefit to the estate while avoiding the risks, expense, and delay of continued litigation. The parties propose settling the Lawsuit for approximately $6,000 than the amount of the Transfers. In light of the complexities of the case as well as the expense associated with the Lawsuit, such a discount is appropriate and in the best interests of Creditors.

18. For these reasons, the Settlement is well within the range of reasonableness and should be approved.

**NOTICE**

19. Notice of this Motion has been provided to the Office of the United States Trustee, Defendants and their counsel, and all creditors and parties-in-interest, in accordance with the Bankruptcy Rules and the Local Rules of this Court.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order:

A. Approving the compromise and settlement of Adversary No. 25-00426 on the terms set forth herein and in the Settlement Agreement and Release attached hereto;

B. Authorizing the Debtor to execute all documents necessary to consummate the Settlement; and

C. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Michael P. Coyle
Michael P. Coyle, Bar No. 16202
THE COYLE LAW GROUP
7061 Deepage Drive, Ste 101B
Columbia, Maryland 21045
443-545-1215
mcoyle@thecoylelawgroup.com

Attorney for the Debtor/Plaintiff

DATED: July 29, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of July 2026, a copy of the foregoing Motion to Approve Compromise and Settlement was served on the following in the manner indicated below:

*Via ECF*:

Hugh Bernstein
Office of the United States Trustee
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201
hugh.m.bernstein@usdoj.gov

Alexis Beachdell
Baker Hostetler
Key Tower, 127 Public Square, Suite 2000
Cleveland, OH 44114-1214
*Counsel for Toast, Inc. and WebBank*

*Via First Class Mail*:

All creditors and parties-in-interest on the attached Matrix

/s/ Michael P. Coyle
Michael P. Coyle, Bar No. 16202